IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BUBAKARR JALLOH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-22-908-R |
| | ) |
| MERRICK GARLAND, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus [Doc. No. 1]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Amanda Maxfield Green. In a Report & Recommendation dated February 9, 2023 [Doc. No. 12], Judge Green recommended that the Petition be denied. After considering Petitioner's timely Objection [Doc. No. 13], the Court remanded the matter to Judge Green to re-consider the due process claims asserted in grounds two and three of the Petition.[1]

Judge Green issued a second Report & Recommendation on April 26, 2023 addressing these claims and recommending that the Petition be granted in part and denied in part [Doc. No. 22]. Respondent filed a timely Objection [Doc. No. 23] and the Court must therefore make a de novo determination of the portions of the R&R to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Petitioner also filed an

---

[1] Petitioner did not challenge the Report's recommendation to deny relief with respect to the claims asserted in ground 1 or ground 4 of his Petition. The Report was therefore adopted as to those grounds.

untitled document which the Court construes as a response to Respondent's Objection.[2] *See* Fed. R. Civ. P. 72(b)(2).

After being convicted of aggravated battery and possession of cocaine, Petitioner was taken into immigration custody on October 26, 2021 and placed into immigration proceedings. On April 20, 2023, an Immigration Judge ordered Petitioner removed. Petitioner's appeal of this decision is currently pending before the Board of Immigration Appeals.[3] The issue remaining to be resolved in this action is whether Petitioner's lengthy detention during these proceedings violates his due process rights.

Petitioner is being detained pursuant to 8 U.S.C. § 1226(c)(1)(B). This provision "requires the detention of aliens such as [Petitioner] who have been convicted of specific offenses that render them removable." *Muse v. Sessions*, 409 F. Supp. 3d 707, 712-13 (D. Minn. 2018). "Such aliens must be 'detained pending a decision on whether [they are] to be removed from the United States.'" *Id.* (quoting 8 U.S.C. § 1226(a)) (brackets in *Muse*). Although § 1226 makes detention during the removal process mandatory for certain non-citizens, numerous district courts have concluded that an "unreasonably long or unjustified detention under § 1226(c) may be unconstitutional." *Viruel Arias v. Choate*, No. 22-CV-02238, 2022 WL 4467245, at *2 (D. Colo. Sept. 26, 2022). Courts typically consider six factors to determine whether a non-citizen's detention has been unconstitutionally prolonged:

---

[2] Petitioner is proceeding pro se and his filings are therefore entitled to a liberal construction. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] The R&R sets out the procedural and factual history of this action in detail. Neither party objected to those portions of the R&R and they are therefore adopted in full.

(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Id.* (internal quotation marks and citation omitted). Where the balance of these factors indicates that a detention is unconstitutionally prolonged, "a non-citizen is entitled to an individualized bond hearing." *Id.*

After applying and weighing these factors, the R&R concluded that Petitioner's lengthy detention violated his due process rights, Petitioner is entitled to an individualized bond hearing, and the government should bear the burden of proof by clear and convincing evidence at the bond hearing. Respondent raises several objections to these conclusions.

First, Respondent argues that evaluating the constitutionality of a mandatory detention under § 1226(c) using the six-factor test is not appropriate following the Supreme Court's decision in *Jennings v. Rodriguez*, __ U.S. __, 138 S. Ct. 830, 839 (2018). *Jennings* held that § 1226(c) "mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." *Id* at 847. Importantly, the question in *Jennings* was whether the text of § 1226 could be read to require periodic bond hearings. *Id.* at 836. Although the Supreme Court answered this question in the negative, it explicitly declined to address whether a prolonged detention under § 1226 without due process is constitutional. *Id.* at 851; *see also Rodriguez v. Marin,* 909 F.3d 252, 255 (9th Cir. 2018) (explaining that *Jennings* "chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings"

and "declined to reach the constitutional question"). Because *Jennings* did not resolve whether a mandatory detention under § 1226(c) without due process can become so prolonged as to be unconstitutional, the Court does not agree that *Jennings* forecloses consideration of Petitioner's due process claim or renders the six-factor test obsolete.

Second, Respondent argues that, even under the six-factor test, the R&R incorrectly concluded that the factors balance in favor of Petitioner. However, upon de novo review, the Court fully concurs in Judge Green's analysis and balancing of the six factors. In particular, the Court notes that Petitioner has been detained for approximately 19 months in a criminal correctional facility and that it may be several more months before all appeals are exhausted. Although the detention proceedings may ultimately result in a final order of removal, the Court finds that the factors weigh in Petitioner's favor. Accordingly, Petitioner's "continued detention requires an individualized bond hearing before an Immigration Judge to comport with due process." *Singh v. Garland*, No. 21-CV-00715, 2021 WL 2290712, at *5 (D. Colo. June 4, 2021).

Last, Respondent argues that the Court should decline to dictate the quantum and burden of proof to be used by the Immigration Judge at any bond hearing. Some district courts "have allocated the burden of proof to the government, to 'show by clear and convincing evidence' that the non-citizen poses a flight risk or is a danger to the community." *Daley v. Choate*, No. 22-CV-03043, 2023 WL 2336052, at *3 (D. Colo. Jan. 6, 2023) (citation omitted). However, the Court "is not persuaded that due process requires this Court prospectively to order an immigration judge to adhere to a specific standard of proof at a bond hearing." *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963

(D. Minn. 2019). These matters will be left for the Immigration Judge to determine in the first instance. *Id.*; *Muse*, 409 F. Supp. 3d at 718.

Accordingly, as set out above, the Court adopts the Report & Recommendation [Doc. No. 22] to the extent it is consistent with this order. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is GRANTED to the extent it seeks an individualized bond hearing and DENIED to the extent it seeks all other relief. Respondent shall take Petitioner before an impartial immigration judge for an individualized bond hearing within 14 days of the date of this order.

**IT IS SO ORDERED** this 26th day of May, 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE